1   Dale K. Galipo, Esq. (Bar No. 144074)
    dalekgalipo@yahoo.com
2   LAW OFFICES OF DALE K. GALIPO
    21800 Burbank Boulevard, Suite 310
3   Woodland Hills, California  91367
    Telephone: (818) 347-3333
4   Facsimile: (818) 347-4118

5   JAIME A. LEAÑOS—SBN:  159471
    MORALES & LEAÑOS
6   75 E. Santa Clara Street, Suite 250
    San Jose, CA  95113
7   Telephone:  (408) 294-6800
    Facsimile:  (408) 294-7102
8   E-mail:      jleanoslaw@pacbell.net

9   *Attorneys for Plaintiffs*

10                UNITED STATES DISTRICT COURT

11             EASTERN DISTRICT OF CALIFORNIA

12

13
    RAY GONZALES and SHEILA            Temporary Case No. 16-70
14  DEOCAMPO, in each case individually
    and as a successor-in-interest to Joshua  **COMPLAINT FOR DAMAGES**
15  Gonzales, deceased,

16                Plaintiffs,             1. Fourth Amendment—Detention
                                             and Arrest (42 U.S.C. § 1983)
17                                        2. Fourth Amendment—Excessive
        vs.                                  Force (42 U.S.C. § 1983)
18                                        3. Fourth Amendment—Denial of
                                             Medical Care (42 U.S.C. § 1983)
19  CITY OF LINDSAY and DOES 1-10,       4. Substantive Due Process (42
    inclusive,                              U.S.C. § 1983)
20                                        5. Municipal Liability—Ratification
                                             (42 U.S.C. § 1983)
21                Defendants.             6. Municipal Liability—Inadequate
                                             Training (42 U.S.C. § 1983)
22                                        7. False Arrest/False Imprisonment
                                          8. Battery (Wrongful Death)
23                                        9. Negligence (Wrongful Death)
                                          10. Violation of Cal. Civil Code § 52.1
24

25

26

27                                         **DEMAND FOR JURY TRIAL**

28

                                                          COMPLAINT FOR DAMAGES

## COMPLAINT FOR DAMAGES

COME NOW, Plaintiffs Ray Gonzales (full name Raymond Gonzales II) and Sheila Deocampo, in each case individually and as a successor-in-interest to Joshua Gonzales deceased, for their Complaint against Defendants City of Lindsay and Does 1-10, inclusive, and allege as follows:

## JURISDICTION AND VENUE

1.       This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiffs assert claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution.  This Court has supplemental jurisdiction over Plaintiffs' claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

2.       Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

## INTRODUCTION

3.       This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the use of force against and unreasonable restraint of Plaintiffs' son, Joshua Gonzales ("DECEDENT"), on April 10, 2015, which resulted in his death.

## PARTIES

4.       At all relevant times, Joshua Gonzales, deceased was an individual residing in the City of Lindsay, California.

5.      Plaintiff RAY GONZALES ("GONZALES") is an individual residing in the City of Lindsay, California and is the natural father of DECEDENT. GONZALES' full name is Raymond Gonzales II.  GONZALES sues both in his individual capacity as the father of DECEDENT and in a representative capacity as a successor-in-interest to DECEDENT pursuant to California Code of Civil Procedure § 377.60.  GONZALES seeks both survival and wrongful death damages under federal and state law.

6.      Plaintiff SHEILA DEOCAMPO ("DEOCAMPO") is an individual residing in the City of Patterson, California and is the natural mother of DECEDENT.  DEOCAMPO sues both in her individual capacity as the mother of DECEDENT and in a representative capacity as a successor-in-interest to DECEDENT pursuant to California Code of Civil Procedure § 377.60. DEOCAMPO seeks both survival and wrongful death damages under federal and state law.

7.      At all relevant times, Defendant CITY OF LINDSAY ("CITY") is and was a municipal corporation existing under the laws of the State of California. CITY is a chartered subdivision of the State of California with the capacity to be sued.  CITY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the Lindsay Police Department ("LPD" or "Lindsay PD") and its agents and employees.  At all relevant times, Defendant CITY was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the and its employees and agents complied with the laws of the United States and of the State of California.  At all relevant times, CITY was the employer of Defendants DOES 1-10.

8.      Defendants DOES 1-5 ("DOE OFFICERS") are police officers for the LPD.  DOE OFFICERS were acting under color of law within the course and scope of their duties as officers for the LPD.  DOE OFFICERS were acting with the complete authority and ratification of their principal, Defendant CITY.

9.     Defendants DOES 6-8 are supervisory officers for the LPD who were acting under color of law within the course and scope of their duties as officers for the LPD.  DOES 6-8 were acting with the complete authority and ratification of their principal, Defendant CITY.

10.     Defendants DOES 9-10 are managerial, supervisorial, and policymaking employees of the LPD, who were acting under color of law within the course and scope of their duties as managerial, supervisorial, and policymaking employees for the LPD.  DOES 9-10 were acting with the complete authority and ratification of their principal, Defendant CITY.

11.     On information and belief, DOES 1-10 were residents of the City of Lindsay.

12.     In doing the acts and failing and omitting to act as hereinafter described, Defendants DOE OFFICERS were acting on the implied and actual permission and consent of Defendants LPD and DOES 6-10.

13.     In doing the acts and failing and omitting to act as hereinafter described, Defendants DOES 1-10 were acting on the implied and actual permission and consent of the CITY.

14.     The true names and capacities, whether individual, corporate, association or otherwise of Defendants DOES 1-10, inclusive, are unknown to Plaintiffs, who otherwise sues these Defendants by such fictitious names.  Plaintiffs will seek leave to amend this complaint to show the true names and capacity of these Defendants when they have been ascertained.  Each of the fictitiously-named Defendants is responsible in some manner for the conduct or liabilities alleged herein.

15.     At all times mentioned herein, each and every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every defendant.

16.     All of the acts complained of herein by Plaintiffs against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity.  Moreover, Defendants and their agents ratified all of the acts complained of herein.

17.     DOES 1-10 are sued in their individual capacity.

18.     On July 9, 2015, a comprehensive and timely claim for damages was filed with the City of Lindsay pursuant to applicable sections of the California Government Code.

19.     On July 28, 2015, the City of Lindsay denied said claim.

### FACTS COMMON TO ALL CLAIMS FOR RELIEF

20.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 19 of this Complaint with the same force and effect as if fully set forth herein.

21.     On April 10, 2015, DOE OFFICERS were called to DECEDENT's property as a result of a minor altercation between DECEDENT and one of his neighbors.  The subject of the altercation was tools missing from DECEDENT's grandfather's tool shed.  DOE OFFICERS were not responding to a serious crime and had no information that anyone was armed.  In fact, DECEDENT was not armed with a weapon at any time during this incident.

22.     DOE OFFICERS arrived on scene and went up to the four-foot tall chain link fence surrounding DECEDENT's property.  DECEDENT came to the fence as well, to cooperate and speak with DOE OFFICERS.  When DECEDENT refused to leave his property, as there was neither reasonable suspicion to detain him nor probable cause to arrest him, DOE OFFICERS grabbed DECEDENT roughly and then carelessly pulled him over the fence.  DOE OFFICERS used poor tactics

-4-

when they pulled DECEDENT over the fence, such that DECEDENT's pant leg became caught on the fence and DECEDENT landed head first on the ground. Neighbors witnessing the incident became concerned about the manner in which DOE OFFICERS were treating DECEDENT and called the police.

23.     After DOE OFFICERS caused DECEDENT's head to hit the ground, DOE OFFICERS restrained or "hog-tied" DECEDENT by handcuffing his arms and legs behind him, and then placed him face down.  On information and belief, "hog tying" and placing a "hog-tied" person face down is against proper Lindsay PD policy and procedure.

24.     DOE OFFICERS then placed DECEDENT (still hog-tied) in the back seat of the patrol unit with the intention of driving DECEDENT to a pretrial facility about thirty minutes away.  On information and belief, transporting a hog-tied person for that duration of time is also against Lindsay PD policy and procedure. Incredulously, while DOE OFFICERS were transporting DECEDENT, they stopped to perform a DUI car stop with DECEDENT still hog-tied in the backseat of the patrol unit.

25.     When DOE OFFICERS returned to the patrol unit following the DUI stop, they saw that DECEDENT was no longer breathing; he had suffered from positional asphyxia.  Also known as postural asphyxia, positional asphyxia is a form of asphyxia which occurs when the person's positon prevents him from breathing adequately.  DOE OFFICERS drove to the nearest hospital, which was another twenty minutes away.  A CT scan performed at the hospital showed that DECEDENT had suffered a cerebral edema (swelling of the brain).  DECEDENT was pronounced dead at the hospital.

26.     On information and belief, DOE OFFICERS were not properly trained with regard to the need to restrain an individual, as well as with regard to the manner in which to properly restrain an individual and the hazards involved in placing a restrained person prone, and the risks of restraint asphyxia.

COMPLAINT FOR DAMAGES

27.     The use of deadly force against DECEDENT, including dropping him on his head and unreasonably restraining him, was excessive and objectively unreasonable under the circumstances, especially because DECEDENT was unarmed and did not pose an immediate threat of death or serious bodily injury to anyone at the time of this incident.  Specifically, DOE OFFICERS unreasonably restrained DECEDENT, and this unreasonable restraint was the cause of Plaintiffs' injuries and DECEDENT's death.

28.     The delay of medical care to DECEDENT, including leaving DECEDENT hog-tied in the patrol until for unreasonable lengths of time, caused DECEDENT extreme physical and emotional pain and suffering, and was a contributing cause of DECEDENT's death.

29.     Plaintiffs GONZALES is DECEDENT's successor-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and succeeds to DECEDENT's interest in this action as the natural father of DECEDENT.

30.     Plaintiffs DEOCAMPO is DECEDENT's successor-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and succeeds to DECEDENT's interest in this action as the natural mother of DECEDENT.

**FIRST CLAIM FOR RELIEF**

**Fourth Amendment—Detention and Arrest (42 U.S.C. § 1983)**

(By Plaintiffs GONZALES and DEOCAMPO against Defendants DOE OFFICERS)

31.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 30 of this Complaint with the same force and effect as if fully set forth herein.

32.     Defendants DOE OFFICERS detained DECEDENT without reasonable suspicion and arrested him without probable cause.

33.     DOE OFFICERS violated DECEDENT's right to be secure in his person against unreasonable searches and seizures as guaranteed to him under the

COMPLAINT FOR DAMAGES

Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment. DOE OFFICERS violated this right by taking the following actions: pulling DECEDENT over the fence to begin with, especially at a time when DECEDENT was not armed, was standing on his own property, and where DOE OFFICERS were not responding to a serious crime and had no information that anyone was armed; using poor tactics in pulling DECEDENT over the fence, such that DECEDENT landed on his head; unreasonably restraining DECEDENT by handcuffing DECEDENT's arms and legs behind his back, or "hog-tying" him; placing DECEDENT face down after he had been hog-tied; leaving DECEDENT hog-tied in the back of the patrol vehicle for an unreasonable amount of time, including while making a DUI stop; and taking twenty minutes to transport DECEDENT to the hospital after they realized he was not breathing.

34.     The conduct of Defendants DOE OFFICERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOE OFFICERS.

35.     This unreasonable detention, arrest, and restraint caused Plaintiffs' and DECEDENT's injuries. As a result of their misconduct, Defendants DOE OFFICERS are liable for DECEDENT's and Plaintiffs' injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

36.     Plaintiffs bring this claim as successors-in-interest to the DECEDENT and seek both survival and wrongful death damages for the violation of DECEDENT's rights. Plaintiffs also seek attorney's fees and funeral and burial expenses.

COMPLAINT FOR DAMAGES

## SECOND CLAIM FOR RELIEF

### Fourth Amendment —Excessive Force (42 U.S.C. § 1983)

(By Plaintiffs GONZALES and DEOCAMPO against Defendants DOE OFFICERS)

37.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 36 of this Complaint with the same force and effect as if fully set forth herein.

38.     Defendants DOE OFFICERS used excessive force against DECEDENT when they pulled him over the fence surrounding his own property in such a manner that DECEDENT landed on his head, and also when they hog-tied him by handcuffing his arms and legs behind his back and then left him in the patrol unit for an unreasonable amount of time in a position that caused him to stop breathing.  This was an unreasonable restraint that caused Plaintiffs' and DECEDENT's injuries.

39.     Defendants DOE OFFICERS' unjustified use of force, in particular, the unreasonable restraint, deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

40.     As a result of the foregoing, DECEDENT suffered great physical pain and emotional distress up to the time of his death, loss of enjoyment of life, loss of life, and loss of earning capacity.

41.     As a result of their misconduct, Defendants DOE OFFICERS are liable for DECEDENT's injuries, either because they were integral participants in the unreasonable restraint and other uses of force, or because they failed to intervene to prevent these violations.

42.     The conduct of Defendants DOE OFFICERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of

COMPLAINT FOR DAMAGES

1  DECEDENT, and therefore warrants the imposition of exemplary and punitive

2  damages as to Defendants DOE OFFICERS.

3       43.    The use of force, including pulling DECEDENT over the fence such

4  that he fell on his head, and then hog-tying and otherwise restraining him, was

5  excessive and unreasonable.  DECEDENT posed no immediate threat of death or

6  serious bodily injury at the time of the officers' use of force.  Further, Defendants

7  DOE OFFICERS' use of force and unreasonable restraint violated their training and

8  standard police officer training.

9       44.    Plaintiffs bring this claim as successors-in-interest to the DECEDENT

10  and seek both survival and wrongful death damages for the violation of

11  DECEDENT's rights.  Plaintiffs also seek attorney's fees and funeral and burial

12  expenses.

13

14                **THIRD CLAIM FOR RELIEF**

15       **Fourth Amendment —Denial of Medical Care (42 U.S.C. § 1983)**

16  (By Plaintiffs GONZALES and DEOCAMPO against Defendants DOE OFFICERS)

17       45.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1

18  through 44 of this Complaint with the same force and effect as if fully set forth

19  herein.

20       46.     DOE OFFICERS took twenty minutes to transport DECEDENT to a

21  hospital after they realized that as a result of unreasonably restraining him and then

22  leaving him in the backseat of the patrol unit for an unreasonable amount of time,

23  DECEDENT had stopped breathing.  On information and belief, DOE OFFICERS

24  did not call an ambulance, nor did they radio in that DECEDENT had stopped

25  breathing.

26       47.    The denial of medical care by Defendants DOE OFFICERS deprived

27  DECEDENT of his right to be secure in his person against unreasonable searches

28

and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

48.    As a result of the foregoing, DECEDENT suffered great physical pain and emotional distress up to the time of his death, loss of enjoyment of life, loss of life, and loss of earning capacity.

49.    Defendants DOE OFFICERS knew that failure to provide timely medical treatment to DECEDENT could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing DECEDENT great bodily harm and death.

50.    The conduct of DOE OFFICERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOE OFFICERS.

51.    As a result of their misconduct, Defendants DOE OFFICERS are liable for DECEDENT's injuries, either because they were integral participants in the denial of medical care, as well as in the wrongful detention and arrest and in the unreasonable restraint and other uses of force, or because they failed to intervene to prevent these violations.

52.    Plaintiffs bring this claim as successors-in-interest to the DECEDENT and seek both survival and wrongful death damages for the violation of DECEDENT's rights.  Plaintiffs also seek attorney's fees and funeral and burial expenses.

**FOURTH CLAIM FOR RELIEF**

**Substantive Due Process (42 U.S.C. § 1983)**

(By Plaintiffs GONZALES and DEOCAMPO against Defendants DOE OFFICERS)

53.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 52 of this Complaint with the same force and effect as if fully set forth herein.

54.    Plaintiff GONZALES had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in Plaintiff's familial relationship with his son, DECEDENT.

55.    Plaintiff DEOCAMPO had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in Plaintiff's familial relationship with her son, DECEDENT.

56.    DECEDENT had had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience.

57.    The aforementioned actions of DOE OFFICERS, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of DECEDENT and Plaintiffs, and with purpose to harm unrelated to any legitimate law enforcement objective. Specifically, this conduct includes but is not limited to DOE OFFICERS' unreasonably restraint of DECEDENT, their pulling him over the fence onto his head, injuring him, their leaving him restrained prone in the car, their indifference to

the risks and hazards of restraint asphyxia, and their delay in providing him medical care.

58.    As a direct and proximate result of these actions, DECEDENT experienced pain and suffering and eventually died.  DOE OFFICERS thus violated the substantive due process rights of Plaintiffs to be free from unwarranted interference with their familial relationship with DECEDENT.

59.    As a direct and proximate cause of the acts of DOE OFFICERS, Plaintiffs suffered emotional distress, mental anguish, and pain.  Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

60.    The conduct of DOE OFFICERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and Plaintiffs and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOE OFFICERS.

61.    Plaintiffs bring this claim as successors-in-interest to the DECEDENT and seek both survival and wrongful death damages for the violation of DECEDENT's rights.  Plaintiffs also seek attorney's fees and funeral and burial expenses.

**FIFTH CLAIM FOR RELIEF**

**Municipal Liability – Ratification (42 U.S.C. § 1983)**

(By Plaintiffs GONZALES and DEOCAMPO against Defendants CITY and DOES 6-10)

62.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 61 of this Complaint with the same force and effect as if fully set forth herein.

63.    Defendants DOE OFFICERS acted under color of law.

64.     The acts of Defendants DOE OFFICERS deprived DECEDENT and Plaintiffs of their particular rights under the United States Constitution.

65.     Upon information and belief, a final policymaker, acting under color of law, who had final policymaking authority concerning the acts of Defendants DOE OFFICERS, ratified Defendants DOE OFFICERS' acts and omissions, particularly, the unreasonable restraint, and the bases for them. Upon information and belief, the final policymaker knew of and specifically approved of Defendants DOE OFFICERS' acts.

66.     Upon information and belief, a final policymaker has determined (or will determine) that the acts of Defendants DOE OFFICERS were "within policy."

67.     By reason of the aforementioned acts and omissions, Plaintiffs have suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT.  The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

68.     Accordingly, Defendants CITY and DOES 1-10 each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

69.     Plaintiffs bring this claim as successors-in-interest to the DECEDENT and seek both survival and wrongful death damages for the violation of DECEDENT's rights.  Plaintiffs also seek attorney's fees and funeral and burial expenses.

//

//

//

COMPLAINT FOR DAMAGES

## SIXTH CLAIM FOR RELIEF

### Municipal Liability – Failure to Train (42 U.S.C. § 1983)

(By Plaintiffs GONZALES and DEOCAMPO against Defendants CITY and DOES 6-10)

70.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 69 of this Complaint with the same force and effect as if fully set forth herein.

71.     Defendants DOE OFFICERS acted under color of law.

72.     The acts of Defendants DOE OFFICERS deprived DECEDENT and Plaintiffs of their particular rights under the United States Constitution.

73.     The training policies of Defendant CITY were not adequate to train its officers to handle the usual and recurring situations with which they must deal.  In particular, the training policies of Defendant CITY were not adequate to train its officers with regard to restraint and positional asphyxia, and also with regard to pre-restraint tactics.

74.     Defendant CITY was deliberately indifferent to the obvious consequences of its failure to train its officers adequately.

75.     The failure of Defendant CITY to provide adequate training regarding the use of force, restraint, and positional asphyxia caused the deprivation of Plaintiffs' rights by Defendants DOE OFFICERS; that is, Defendants' failure to train is so closely related to the deprivation of the Plaintiffs' rights as to be the moving force that caused the ultimate injury.

76.     On information and belief, CITY failed to train DOE OFFICERS properly and adequately, in particular with regard to the use of force, restraint, positional asphyxia, and pre-restraint tactics.

77.     By reason of the aforementioned acts and omissions, Plaintiffs have suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT.  The aforementioned acts and

1 omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life,
2 and death.

3      78.    Accordingly, Defendants CITY and DOES 1-10 each are liable to
4 Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

5      79.    Plaintiffs bring this claim as successors-in-interest to the DECEDENT
6 and seek both survival and wrongful death damages for the violation of
7 DECEDENT's rights.  Plaintiffs also seek attorney's fees and funeral and burial
8 expenses.

9 <center>**SEVENTH CLAIM FOR RELIEF**</center>
10 <center>**False Arrest/False Imprisonment**</center>
11 <center>(By Plaintiffs GONZALES and DEOCAMPO against Defendants CITY and DOE</center>
12 <center>OFFICERS)</center>

13      80.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1
14 through 79 of this Complaint with the same force and effect as if fully set forth
15 herein.

16      81.    Defendants DOE OFFICERS, while working as officers for the
17 Lindsay PD and acting within the course and scope of their duties, intentionally
18 deprived DECEDENT of his freedom of movement by use of force, threats of force,
19 menace, fraud, deceit, and unreasonable duress.  DOE OFFICERS detained
20 DECEDENT without reasonable suspicion and arrested him without probable cause.

21      82.    DECEDENT did not knowingly or voluntarily consent.

22      83.    Defendants DOE OFFICERS detained DECEDENT for an appreciable
23 amount of time; specifically, he was hog-tied in the backseat of the patrol unit for at
24 least thirty minutes, including while DOE OFFICERS conducted a DUI stop, before
25 he stopped breathing.  He was further detained for another twenty minutes while
26 DOE OFFICERS delayed on getting him to a hospital.

27      84.    The conduct of DOE OFFICERS was a substantial factor in causing the
28 harm to DECEDENT.

<center>-15-</center>

85.     Defendant CITY is vicariously liable for the wrongful acts of Defendants DOE OFFICERS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

86.     The conduct of DOE OFFICERS was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of DECEDENT, entitling Plaintiffs to an award of exemplary and punitive damages.

87.     As a result of their misconduct, Defendants DOE OFFICERS are liable for DECEDENT's injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

88.     Plaintiffs each bring this claim as successors-in-interest to DECEDENT and seek both survival and wrongful death damages under this claim.

## EIGHTH CLAIM FOR RELIEF

### Battery

(Wrongful Death)

(By Plaintiffs GONZALEZ and DEOCAMPO against Defendants CITY and DOE OFFICERS)

89.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 88 of this Complaint with the same force and effect as if fully set forth herein.

90.     DOE OFFICERS, while working as officers for the Lindsay PD, and acting within the course and scope of their duties, intentionally used unreasonable and excessive force against DECEDENT, including: pulling him over the fence, causing him to land on his head; unreasonably restraining him; leaving him hog-tied in the backseat of the patrol unit for an unreasonable amount of time; causing

COMPLAINT FOR DAMAGES

positional asphyxia; and other undiscovered conduct.  As a result of the actions of DOE OFFICERS, DECEDENT suffered severe pain and suffering and ultimately died from his injuries.  DOE OFFICERS had no legal justification for using force against DECEDENT, and their use of force, including the unreasonable restraint, while carrying out their duties as police officers was an unreasonable and nonprivileged use of force.

91.     As a direct and proximate result of the conduct of DOE OFFICERS as alleged above, DECEDENT sustained injuries and died from his injuries and also lost his earning capacity.  As a direct and proximate result of the conduct of DOE OFFICERS as alleged above, DECEDENT suffered survival damages pursuant to Code of Civil Procedure Section 377.34.

92.     CITY is vicariously liable for the wrongful acts of Defendant DOE OFFICERS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

93.     The conduct of DOE OFFICERS was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff and DECEDENT, entitling Plaintiffs, in each case individually and as successor-in-interest to DECEDENT, to an award of exemplary and punitive damages as to Defendants DOE OFFICERS.

94.     Plaintiffs bring this claim as successors-in-interest to DECEDENT and seek both survival and wrongful death damages under this claim.

-17-

## NINTH CLAIM FOR RELIEF

### Negligence

(Wrongful Death)

(By Plaintiffs GONZALES and DEOCAMPO against all Defendants)

95.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 94 of this Complaint with the same force and effect as if fully set forth herein.

96.     Police officers, including Defendants DOE OFFICERS, have a duty to use reasonable care to prevent harm or injury to others.  This duty includes using appropriate tactics, giving appropriate commands, giving warnings, and not using any force unless necessary, using less than lethal options, and only using deadly force as a last resort.

97.     Defendants DOES 1-10 breached this duty of care.  Upon information and belief, the actions and inactions of Defendants DOES 1-10 were negligent and reckless, including but not limited to:

        (a)    the failure to properly and adequately assess the need to detain, arrest, and use force or deadly force against DECEDENT;

        (b)    the negligent tactics and handling of the situation with DECEDENT, including pre-restraint negligence such as carelessly pulling DECEDENT over the fence in a manner that caused him to land on his head;

        (c)    the negligent detention, arrest, and use of force, including restraint, against DECEDENT;

        (d)    the failure to provide prompt medical care to DECEDENT, including travelling twenty minutes to a hospital rather than calling for paramedics;

        (e)    the failure to properly train and supervise employees, including DOE OFFICERS, particularly with regard to the risks and

-18-

hazards of restraining individuals, including prone restraint and hog-tying;

    (f)    the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of DECEDENT;

    (g)    the negligent handling of evidence and witnesses; and

    (h)    the negligent communication of information during the incident.

98.    As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT was caused to suffer severe pain and suffering and ultimately died.  Also as a direct and proximate result of Defendants' conduct as alleged above, Plaintiffs suffered emotional distress and mental anguish.  Plaintiffs also have been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

99.    CITY is vicariously liable for the wrongful acts of Defendants DOES 1-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

100.    Plaintiffs bring this claim in each case as a successor-in-interest to DECEDENT, and seek both survival and wrongful death damages under this claim.

**TENTH CLAIM FOR RELIEF**

**(Violation of Cal. Civil Code § 52.1)**

(By Plaintiffs GONZALES and DEOCAMPO against all Defendants)

101.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 100 of this Complaint with the same force and effect as if fully set forth herein.

102.   California Civil Code, Section 52.1 (the Bane Act), prohibits any person from using violent acts or threatening to commit violent acts in retaliation against another person for exercising that person's constitutional rights.

103.   On information and belief, Defendants DOE OFFICERS, inclusive, while working for the CITY and acting within the course and scope of their duties, intentionally committed and attempted to commit acts of violence against DECEDENT, including by pulling him over his fence onto his head and then hog-tying him without justification or excuse, by integrally participating and failing to intervene in the above violence, and by denying him necessary medical care.

104.   When Defendants pulled DECEDENT over his fence, causing him to land on his head, and then hog-tied DECEDENT and left him in the backseat of the patrol unit for an unreasonable amount of time in a position that caused him to stop breathing, they interfered with his civil rights to be free from unreasonable searches and seizures, to due process, to equal protection of the laws, to medical care, to be free from state actions that shock the conscience, and to life, liberty, and property.

105.   On information and belief, Defendants intentionally and spitefully committed the above acts to discourage DECEDENT from exercising his civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights, which they were fully entitled to enjoy.

106.   On information and belief, DECEDENT reasonably believed and understood that the violent acts committed by Defendants DOE OFFICERS were intended to discourage him from exercising the above civil rights, to retaliate against him, or invoking such rights, or to prevent him from exercising such rights.

107.    Defendants successfully interfered with the above civil rights of DECEDENT and Plaintiffs.

108.   The conduct of Defendants was a substantial factor in causing Plaintiffs' harms, losses, injuries, and damages.

109.   CITY is vicariously liable for the wrongful acts of Defendants DOE OFFICERS, inclusive pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

110.   Defendants DOES 6-10 are vicariously liable under California law and the doctrine of *respondeat superior*.

111.   The conduct of Defendants was malicious, wanton, oppressive, and accomplished with a conscious disregard for DECEDENT's and Plaintiffs' rights, justifying an award of exemplary and punitive damages as to Defendants DOE OFFICERS.

112.   Plaintiffs seek attorney's fees under this claim.

# **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Ray Gonzales (full name Raymond Gonzales II) and Sheila Deocampo request entry of judgment in their favor and against Defendants City of Lindsay and Does 1-10, inclusive, as follows:

A.   For compensatory damages in whatever other amount may be proven at trial, including both survival damages and wrongful death damages under federal and state law;

B.   For funeral and burial expenses, and loss of financial support;

C.   For punitive damages against the individual defendants in an amount to be proven at trial;

D.   For statutory damages;

E.   For interest;

F.   For reasonable attorney's fees, including litigation expenses;

G.   For costs of suit; and

H.   For such further other relief as the Court may deem just, proper, and appropriate.

DATED:  January 27, 2016          LAW OFFICES OF DALE K. GALIPO

By  /s/ Dale K. Galipo
_____
Dale K. Galipo
Attorneys for Plaintiffs

-22-

1

## **DEMAND FOR JURY TRIAL**

2      Plaintiffs hereby demand a trial by jury.

3

4  DATED:  January 27. 2016          LAW OFFICES OF DALE K. GALIPO

5

6                                              /s/ Dale K. Galipo
                                        By_____
7                                          Dale K. Galipo
                                           Attorneys for Plaintiffs
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES