UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAY GONZALES and SHEILA DEOCAMPO, in each case individually and as successor-in-interest to Joshua Gonzales, deceased,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF LINDSAY and DOES 1–10, inclusive,<br><br>Defendant. | No. 1:16-cv-00130-DAD-EPG<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS<br><br>(Doc. No. 5) |

This matter came before the court on April 5, 2016, for hearing on defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Attorney Jaime A. Leanos appeared on behalf of the plaintiffs and Attorney Bruce D. Praet appeared on behalf of the defendant. Oral argument was heard and defendant's motion was taken under submission. For the reasons set forth below, defendant's motion to dismiss will be granted.

**I.     Introduction**

On January 27, 2016, Ray Gonzales and Sheila Deocampo ("plaintiffs") filed a complaint against the City of Lindsay ("defendant") alleging multiple violations of federal and state law in relation to the wrongful killing of their son, Joshua Gonzales ("decedent"), by officers of the Lindsay Police Department. (Doc. No. 1., Complaint "Compl.")  More specifically, plaintiffs

1

1  allege six claims arising under 42 U.S.C. § 1983 and four claims arising under state law.  The
2  state law claims include false arrest/imprisonment, battery, negligence, and violation of the Bane
3  Act, codified at California Civil Code § 52.1.  Plaintiffs are suing in both their individual capacity
4  and as representatives of decedent's estate.

5  Plaintiffs' claims stem from an encounter between decedent and two officers of the
6  Lindsay Police Department on April 10, 2015.  In their complaint, plaintiffs allege as follows.  On
7  April 10, 2015, officers of the Lindsay Police Department responded to a call concerning an
8  altercation between decedent and one of his neighbors.  (Compl. at ¶ 21.)  When the officers
9  arrived, decedent was on his property, standing behind a four-foot tall chain link fence.  (*Id*. at ¶
10 22.)  The decedent was not armed, and the officers had no reason to believe that anyone was
11 armed.  (*Id*. at ¶ 21.)  The officers proceeded to speak with decedent; however, at some point, the
12 officers reached over the fence and grabbed decedent, pulling him over the fence.  (*Id*. at ¶ 22.)
13 As decedent was being pulled, his pant leg became caught in the fence, and as a result, he landed
14 head first on the ground.  (*Id*.)  The officers then hog-tied decedent and placed him in their police
15 car.  (*Id*. at ¶¶ 23-24.)  Decedent died while being transported by the officers.  (*Id*. at ¶ 25.)
16 Plaintiffs claim decedent died because of positional asphyxia resulting from the position in which
17 he was restrained.  (*Id*.)

18 On February 29, 2016, defendant filed a motion to dismiss pursuant to Federal Rule of
19 Civil Procedure 12(b)(6). (Doc. No. 5.)  Defendant seeks to dismiss plaintiff Ms. Deocampo's
20 state-based causes of action, claiming that they are time barred pursuant to the California
21 Government Claims Act, codified at California Government Code §§ 910, *et seq*.  The California
22 Government Claims Act imposes preconditions a plaintiff must satisfy before he can bring suit
23 against a public entity.  *City of Stockton v. Superior Court*, 42 Cal. 4th 730, 738 (2007).  Per the
24 defendant, Ms. Deocampo did not file a written claim within six months of her son's death with
25 the appropriate public entity as required by California Government Code § 911.2.

26 In their opposition to the pending motion to dismiss, plaintiffs present two arguments as to
27 why Ms. Deocampo's state-based claims should not be dismissed.  First, plaintiffs claim that Ms.
28 Deocampo should not be prohibited from pursuing her state-based causes of action because Mr.

Gonzalez's timely filing of a written claim provided defendant with adequate notice. (Opp. at 3–4.) Second, plaintiffs argue that Ms. Deocampo's state law claims should not be dismissed because, while Ms. Deocampo did not adhere to the timeline imposed by California Government Code § 911.2, she has timely filed an application with defendant seeking leave from the requirements of that provision as permitted by § 911.4.[1] Plaintiffs also argues that in the event defendant denies Ms. Deocampo's application for leave to file a late claim she will petition the superior court for an order relieving her from the requirements of the California Government Code, as permitted by California Government Code § 946.6.

## II.     Legal Standard

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). It is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

/////

---

[1] At the April 5, 2016 hearing, plaintiffs informed the court that the City of Lindsay had rejected Ms. Deocampo's application to file a late claim on March 24, 2016.

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001).

### III.    Analysis

California's Government Claims Act provides that "no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented . . . until a written claim therefor has been presented to the public entity and has been acted upon by the board[.]" Cal. Gov't Code § 945.4.  Lawsuits that seek monetary relief based on claims sounding in tort, as well as claims sounding in contract, are lawsuits for "money or damages." *See City of Stockton*, 42 Cal. 4th at 738.  Such a written claim must be filed within six months of the conduct alleged in the cause of action.  Cal. Gov't Code § 911.2(a) (citing Cal. Gov't Code §§ 945.4 & 950.2).  "The filing of a claim is a condition precedent to the maintenance of an action under state law and an integral part of the cause of action." *Dennis v. Thurman*, 959 F. Supp. 1253, 1264 (C.D. Cal. 1997) (citing *Karim–Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 627 (9th Cir.1988)).  The Government Claims statutes "must be satisfied even in the face of the public entity's actual knowledge of the circumstances surrounding the claim." *City of Stockton*, 42 Cal. 4th at 738.

The law is clear:  in California, a plaintiff must file a written claim before she can maintain an action against a public entity. *See Shirk v. Vista Unified Sch. Dist.*, 42 Cal. 4th 201, 209 (2007) ("Timely claim presentation is not merely a procedural requirement, but is . . . *a condition precedent* to a plaintiff maintaining an action against [a public entity], and thus [is] an element of the plaintiff's cause of action.") (emphasis added).  Here, plaintiff Deocampo did not file a timely claim pursuant to § 911.2.  Thus, she is prevented from pursuing her state-based causes of action against defendant.  Additionally, plaintiffs cannot seek to evade the requirements of the California Government Claims Act by arguing that Mr. Gonzalez's timely claim provided defendant with adequate notice, thus excusing Ms. Deocampo from having to file her own written

claim. This is because "[w]here two or more persons suffer separate and distinct injuries from the same act or omission, each person must submit a claim, and one cannot rely on a claim presented by another." *Nelson v. County of Los Angeles*, 113 Cal. App. 4th 783, 797 (2003).

This court also finds plaintiffs' attempt to preserve Ms. Deocampo's state-based claims by pointing to her § 911.4 application and her planned § 946.6 appeal following the denial of that application to be unavailing with respect to the resolution of the present motion. While §§ 911.4 and 946.6 do provide an avenue whereby plaintiff may be excused from the strictures of §§ 911.2 and 945.4, this court also notes that "filing a request for permission to file a late claim does not constitute the actual filing of a claim." *Hill v. City of Clovis*, No. 1:11-cv-1391, 2012 WL 787609, at *11 (E.D. Cal. Mar. 9, 2012). Thus, Ms. Deocampo has yet to satisfy the conditions precedent imposed by the California Government Claim Act for filing a tort claim against a public entity, and her state-based claims alleged in the complaint before this court must be dismissed.

IV.  **Conclusion**

For the above state reasons, this court grants defendant's motion (Doc. No. 5) and dismisses plaintiff Deocampo's state based claims without prejudice.[2] Should Ms. Deocampo succeed in her appeal to the superior court and be granted leave to file a § 911.2 claim and does so, this court would allow her to amend her complaint to once again include her state based claims.

IT IS SO ORDERED.

Dated:   **April 5, 2016**                              ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
                                                         UNITED STATES DISTRICT JUDGE

---

[2] The parties agreed at the hearing that in light of this dismissal, no amended complaint deleting plaintiff Deocampo's state based claims need be filed. Rather, this order dismissing those claims is sufficient and defendant will file an answer to the complaint with that understanding.