UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEILA DEOCAMPO, ET AL., | No. 1:16-CV-00130 DAD-EPG |
| Plaintiffs, | |
| v. | **ORDER REGARDING SETTLEMENT CONFERENCE PROCEDURES** |
| CITY OF LINDSAY, ET AL., | |
| Defendants. | |

    The Court sets a settlement conference for March 13, 2017, at 10:00 a.m., before Magistrate Judge Erica P. Grosjean.  Despite the provisions of Local Rule 270(b), the settlement conference will be conducted by the undersigned Magistrate Judge.  If any party prefers that the settlement conference be conducted by a judicial officer not regularly assigned to this matter, that party is directed to notify the Court no later than 60 days in advance of the scheduled settlement conference to allow sufficient time for another judicial officer to be assigned to handle the conference.

    Unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the Settlement Conference. Pertinent evidence to be offered at trial, documents or otherwise, should be brought to the settlement conference for presentation to the settlement judge. Neither the settlement conference statements nor communications during the settlement

1   conference with the settlement judge can be used by either party in the trial of this case.

2   Absent permission from the Court, in addition to counsel who will try the case being
3   present, in addition to counsel who will try the case being present, <u>the individual parties shall also
4   be present</u>, and in the case of corporate parties, associations or other entities, and insurance
5   carriers, a representative executive with <u>unrestricted authority</u> to discuss, consider, propose and
6   agree, or disagree, to any settlement proposal or offer <u>shall also be present</u>. If for any reason the
7   representative with unlimited authority cannot attend, such a person must be available by phone
8   throughout the conference. In other words, having settlement authority "up to a certain amount"
9   is not acceptable.

10   In the event settlement authority delegated to any defense representative appearing at the
11   settlement conference has been set by a committee and such authority may not be unilaterally
12   exceeded in any amount by the representative designated to attend the settlement conference, then
13   the entire committee must be fully identified in the defense settlement statement (name, position,
14   work address for each member) AND the entire committee or a quorum thereof empowered to
15   enter into any agreement to settle the case MUST be available in person or by phone, unless the
16   Court grants permission otherwise. Failure to follow this directive may result in a re-scheduled
17   settlement conference AND payment of attorney's fees, expenses and other costs incurred by any
18   other party during preparation for the settlement conference and attendance at the conference.
19   Additional sanctions, including default, may be appropriate.

20   **IF ANY PARTY BELIEVES THAT A SETTLEMENT CONFERENCE WOULD**
21   **BE FUTILE, THEN THAT PARTY SHALL CONTACT THE COURT NOT LATER**
22   **THAN SEVENTY-TWO HOURS PRECEDING THE SCHEDULED SETTLEMENT**
23   **CONFERENCE.**

24   *Confidential Settlement Statements*

25   At least five (5) court days prior to the settlement conference, each party shall submit a
26   Confidential Settlement Conference Statement in Word format directly to Judge Grosjean's
27   Chambers at epgorders@caed.uscourts.gov. The statement shall not be filed on the docket or
28   served on any other party. Each statement shall be clearly marked "confidential" with the date

2

and time of the settlement conference clearly noted on the first page.  The Confidential Settlement Conference Statement shall include the following:

    A.  A brief statement of the facts of the case.

    B.  A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

    C.  A summary of the proceedings to date.

    D.  An estimate of the cost and time to be expended for further discovery, pretrial and trial.

    E.  The relief sought.

    F.  The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

The parties shall contact that the designated settlement conference judge's chambers to ascertain whether additional settlement conference procedures are required.

IT IS SO ORDERED.

Dated: __**October 21, 2016**__     /s/ Erica P. Grosjean
                                                UNITED STATES MAGISTRATE JUDGE